FILED
2017 Sep-25 AM 09:33
U.S. DISTRICT COURT
N.D. OF ALABAMA

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION**

**PLAINTIFF WEISSENBACH**

**Plaintiff,**

**v.** **CASE NO.________________**

**TUSCALOOSA COUNTY SCHOOL SYSTEM; JOE BRADLEY PETREY, Jr.; SCHMITT MOORE; JAMES BARNETT; GARY MIMS; DON PRESLEY; CHARLES ORR; RANDY SMALLEY; BILL COPELAND; LAURA MCBRIDE; MARCY BURROUGHS; THAD FITZPATRICK; ELIZABETH SWINFORD.**

**DEMAND FOR JURY TRIAL**

**Defendants.**

**COMPLAINT**

**COMES NOW**, **PLAINTIFF WEISSENBACH** by and through her undersigned counsel, and for want of prosecution, files this complaint in the above-styled cause:

1. Plaintiff**, PLAINTIFF WEISSENBACH** is over the age of nineteen (19) years and a resident of Brookwood, Alabama. At all times material hereto, the plaintiff was a student at Brookwood High School in Tuscaloosa County Alabama. In the school years of 2013-2015, the plaintiff became a rape victim, when her teacher Coach Joe Bradley Petrey, Jr. raped her and/or negligently, wantonly or recklessly

subjected her to a sexual relationship with him. At the time of this infraction Plaintiff was a minor. Her date of birth is September 28, 1996.

2. Defendant**, TUSCALOOSA COUNTY SCHOOL SYSTEM**, is the governing body for the Tuscaloosa County School System in Tuscaloosa County, Alabama. At all times hereto, the plaintiff was a student at Brookwood High School and Defendant Joe Bradley Petrey, Jr. was a teacher and coach. Upon information and belief, plaintiff avers that the Tuscaloosa County School System engages in an education program or activity that receives federal funding and as such is subject to the laws of the United States of America, namely Title IX of the Education Amendments of 1972, which protects and secures the civil rights of women in schools to access to educational opportunity and the Establishment Clause.

3. Defendant **JOE BRADLEY PETREY, JR** is over the age of nineteen (19) years and always material hereto was an employee, agent, servant and/or representative of Defendant Tuscaloosa County School System. Defendant Petrey was employed with Tuscaloosa County School System as a teacher and coach. Defendant Petrey pursued the plaintiff, intentionally or negligently or wantonly or recklessly, by repeatedly subjecting her to statutory rape for a period of 1.5 years and subjecting her to sexual harassment 2 years. All actions complained of herein by the plaintiff against Defendant Petrey occurred within the line and scope of his

employment and/or other representative capacity with Tuscaloosa County School System. Defendant Petrey is being sued individually and in his official and representative capacity as teacher and coach of Brookwood High School.

4. Defendant **ELIZABETH SWINFORD**, is over the age of nineteen (19) years and always material hereto is an employee, agent, servant and/or representative of Defendant Tuscaloosa County School System. Specifically, at all times material hereto, Defendant Winford is employed in the capacity of Superintendent of the Tuscaloosa County School System. Defendant Swinford is being sued individually and in her official and representative capacity as Superintendent of Tuscaloosa County School System. All actions complained of herein by the plaintiff against Defendant Swinford occurred within the line and scope of her employment as representative of Tuscaloosa County School System in Tuscaloosa, as its Superintendent.

5. Defendant **SCHMITT MOORE** is over the age of nineteen (19) years and at all times material hereto is an employee, agent, servant and/or representative of Tuscaloosa County School System. Specifically, at all times material hereto, Defendant Moore is employed in the capacity of Board Member of the Tuscaloosa County School System. Defendant Moore is being sued individually and in his official and representative capacity as Board Member of the Tuscaloosa County School System. All actions complained of herein by the plaintiff against Defendant Moore

occurred within the line and scope of his employment and representative capacity with Tuscaloosa County School System in Tuscaloosa, Alabama.

6. Defendant **JAMES BARNETT** is over the age of nineteen (19) years and at all times material hereto is an employee, agent, servant and/or representative of Tuscaloosa County School System. Specifically, at all times material hereto, Defendant Barnett is employed in the capacity of Board Member of the Tuscaloosa County School System. Defendant Barnett is being sued individually and in his official and representative capacity as Board Member of the Tuscaloosa County School System. All actions complained of herein by the plaintiff against Defendant Barnett occurred within the line and scope of his employment and representative capacity with Tuscaloosa County School System in Tuscaloosa, Alabama.

7. Defendant **GARY MIMS** is over the age of nineteen (19) years and at all times material hereto is an employee, agent, servant and/or representative of Tuscaloosa County School System. Specifically, at all times material hereto, Defendant Mims is employed in the capacity of Board Member of the Tuscaloosa County School System. Defendant Mims is being sued individually and in his official and representative capacity as Board Member of the Tuscaloosa County School System. All actions complained of herein by the plaintiff against Defendant Mims occurred within the line and scope of his employment and representative capacity with

Tuscaloosa County School System in Tuscaloosa, Alabama.

8. Defendant **DON PRESLEY** is over the age of nineteen (19) years and at all times material hereto is an employee, agent, servant and/or representative of Tuscaloosa County School System. Specifically, at all times material hereto, Defendant Presley is employed in the capacity of Board Member of the Tuscaloosa County School System. Defendant Presley is being sued individually and in his official and representative capacity as Board Member of the Tuscaloosa County School System. All actions complained of herein by the plaintiff against Defendant Presley occurred within the line and scope of his employment and representative capacity with Tuscaloosa County School System in Tuscaloosa, Alabama.

9. Defendant **CHARLES ORR** is over the age of nineteen (19) years and at all times material hereto is an employee, agent, servant and/or representative of Tuscaloosa County School System. Specifically, at all times material hereto, Defendant Orr is employed in the capacity of Board Member of the Tuscaloosa County School System. Defendant Orr is being sued individually and in his official and representative capacity as Board Member of the Tuscaloosa County School System. All actions complained of herein by the plaintiff against Defendant Orr occurred within the line and scope of his employment and representative capacity with Tuscaloosa County School System in Tuscaloosa, Alabama.

10. Defendant **RANDY SMALLEY** is over the age of nineteen (19) years and at all times material hereto is an employee, agent, servant and/or representative of Tuscaloosa County School System. Specifically, at all times material hereto, Defendant Smalley is employed in the capacity of Board Member of the Tuscaloosa County School System. Defendant Smalley is being sued individually and in his official and representative capacity as Board Member of the Tuscaloosa County School System. All actions complained of herein by the plaintiff against Defendant Smalley occurred within the line and scope of his employment and representative capacity with Tuscaloosa County School System in Tuscaloosa, Alabama.

11. Defendant **BILL COPELAND** is over the age of nineteen (19) years and at all times material hereto is an employee, agent, servant and/or representative of Tuscaloosa County School System. Specifically, at all times material hereto, Defendant Copeland is employed in the capacity of Board Member of the Tuscaloosa County School System. Defendant Copeland is being sued individually and in his official and representative capacity as Board Member of the Tuscaloosa County School System. All actions complained of herein by the plaintiff against Defendant Copeland occurred within the line and scope of his employment and representative capacity with Tuscaloosa County School System in Tuscaloosa, Alabama.

12. Defendant **LAURA MCBRIDE** is over the age of nineteen (19) years and at

all times material hereto was an employee, agent, servant and/or representative of Tuscaloosa County School System. Specifically, at all times material hereto, Defendant McBride was employed in the capacity of Principal of Brookwood High School in Tuscaloosa County School System. Defendant McBride is being sued individually and in her official and representative capacity as Principal of Brookwood High School and employee of the Tuscaloosa County School System. All actions complained of herein by the plaintiff against Defendant McBride occurred within the line and scope of her employment and representative capacity with Tuscaloosa County School System in Tuscaloosa, Alabama.

13. Defendant **MARCY BURROUGHS** is over the age of nineteen (19) years and at all times material hereto was an employee, agent, servant and/or representative of Tuscaloosa County School System. Specifically, at all times material hereto, Defendant McBride was employed in the capacity of Vice Principal of Brookwood High School in Tuscaloosa County School System. Defendant Burroughs is being sued individually and in her official and representative capacity as Vice Principal of the Tuscaloosa County School System. All actions complained of herein by the plaintiff against Defendant Burroughs occurred within the line and scope of her employment and representative capacity with Tuscaloosa County School System in Tuscaloosa, Alabama.

14. Defendant **THAD FITZPATRICK** is over the age of nineteen (19) years

and at all times material hereto was an employee, agent, servant and/or representative of Tuscaloosa County School System. Specifically, at all times material hereto, Defendant Fitzpatrick was employed in the capacity of Vice Principal of Brookwood High School in Tuscaloosa County School System. Defendant Fitzpatrick is being sued individually and in his official and representative capacity as Board Member of the Tuscaloosa County School System. All actions complained of herein by the plaintiff against Defendant Fitzpatrick occurred within the line and scope of his employment and representative capacity with Tuscaloosa County School System in Tuscaloosa, Alabama.

15. Jurisdiction of this court is invoked pursuant to, and in accordance with, the provisions of Title 28 U.S.C. Sections 1331, 1332 and 1343, this being an action to redress deprivation of civil rights secured unto the plaintiff pursuant to the laws of the United States of America, namely Title IX of the Education Amendments of 1972, which prohibits discrimination on the basis of sex, including, but not limited to rape and harassment against women in public schools; and the Establishment Clause relating to the First Amendment of the U.S. Constitution. In addition to federal question jurisdiction, the plaintiff avers that there is a complete diversity of citizenship between the plaintiff and the defendants. The plaintiff avers that venue is appropriate pursuant to Title 28 U.S. C. Section 1391(b). Further, the plaintiff seeks a declaratory judgment, pursuant to the provisions of Title 28 U.S.C. Sec. 2201, declaring the rights and relations of the parties as

follows:

(a) That the actions of the defendant Tuscaloosa County School System against the plaintiff relative to her education as a member of Brookwood High School's student body relative to her being raped contravene rights secured unto her pursuant to Title IX of the Educational Amendments of 1972. Plaintiff seeks damages, equitable and injunctive relief for the unlawful practices committed by Defendant Tuscaloosa County School System and its officials named herein as party defendants committed against her plus a reasonable award of attorney fee and costs, pursuant to Title 42 U.S.C. §1988.

**FACTUAL ALLEGATIONS**

16. Plaintiff met Joe Bradley Petrey when she was a 9th grade student at Brookwood High School. He was her history teacher for her 9th grade year. He taught her again when she was in the 11th grade for subjects psychology and history. In the Fall of 2013 Petrey told Plaintiff that he had a dream about her and that God told him to tell her that she was beautiful. He told her he was there if she needed to talk to someone. She eventually shared with him that she had been sexually abused as a young child. Petrey then started sending her text messages and snapchatting. He began flirting with her. He would invite her to sit behind his desk in his classroom. In

or about March of 2014 he invited Plaintiff to eat with him at Olive Garden and they started seeing one another regularly. He would take her to Tuscaloosa Riverwalk to sit in hammocks and hold hands. They were having oral sex at this time. Over the summer Petrey would take Plaintiff to his home to have sex when his wife was out of town. Then he started taking her to hotels in the Bessemer area to have sex. This sexual relationship continued throughout the following school year of 2014-2015 and lasted for 1.5 years of Plaintiff's time as a student of Brookwood High School.

17. At School Plaintiff and Petrey would eat breakfast together each morning in the school cafeteria. They would have lunch each day in his classroom behind a closed door. During his classes she would sit next to him behind his desk. During movies in his classroom he would fondle her underneath a blanket. She would often skip other classes of return to Petrey's class. Petrey would write late passes for Plaintiff all the time. They dressed alike on many days and wore matching T-shirts to school. They took numerous photos together as a couple and Petrey made a calendar out of these photos. He also set up a public photo bucket on the internet and posted photos of himself and Plaintiff together in bed and other illicit photos of her for the world to see.

18. Plaintiff took dance classes at McCalla Dance Academy from her 10th grade through her 12th grade year. Her dance teachers were Alyce Armstrong and

Laurel Gilchirst. In late 2013 and early 2014, Plaintiff often talked about her friend "Brad" during dance class as though he was her boyfriend. When her dance teachers learned that Brad was actually Joe Bradley Petrey, Plaintiff's teacher, they immediately notified the school administrators that they were concerned about some inappropriate activity between Petrey and Plaintiff. During a phone conference with the dance teachers and Principal Laura McBride, Vice Principal Marcy Burroughs and Vice Principal Thad Fitzpatrick, the administrators implied that they were very upset with the situation and would make sure that it did not continue. On or around April 2014 the dance teachers followed up with Vice Principal Marcy Burroughs and she informed them that the case was being investigated by the Board. However, the next school year the dance teachers continued to hear from their students that Plaintiff and Petrey were eating breakfast and lunch together as though the dance teachers had never reported anything. On or about July 28, 2015 when illicit photos of Plaintiff and Petrey were posted to the school Facebook page, Twitter and links to the photobucket account were released, a student called the dance teachers upset to tell them about the illicit photos. Laurel Gilchrist, dance teacher, immediately called Superintendent Swinford to ask her how this could have happened when she and her sister Alyce Armstrong had reported the problem a year and a half ago.

19. Defendant Petrey was known at school for being a big Christian. He

wore religious Tshirts to school. He often talked about Jesus and debated Christianity in his class. He also prayed in class. He and Ms. Lavoy (another teacher) would meet with Plaintiff to have Bible study in his classroom most mornings.

**COUNT I**

***NEGLIGENCE AND WANTONNESS***

Plaintiff incorporates all the allegations contained in the aforementioned paragraphs, one (1) through nineteen (19), of this complaint, and further shows this Honorable Court to-wit:

20. Defendant Tuscaloosa County School System, its Board members and administrators negligently hired and supervised teacher Joe Bradley Petrey. Not only did they engage in negligent hiring and supervision, but they were negligent and/or wanton with respect to their failure to safeguard the students of Brookwood High School from a sexual predator like Joe Bradley Petrey even after being notified that something inappropriate was occurring. Defendants negligently and wantonly acted to protect the Defendant Petrey by not terminating him or at least placing him on a leave of absence in order to separate the child victim from her teacher, Petrey. This failure allowed Petrey to continue to sexually abuse and manipulate Plaintiff. Plaintiff avers that the Defendants engaged in a cover up scheme and took no affirmative action to protect her from discrimination based upon her sex.

21. Plaintiff avers that the Defendants had a duty to her as a student of

Brookwood High School to protect her from sexual predators like Defendant Petrey. Defendants breached said duty by allowing Defendant to remain gainfully employed, not placing him on administrative leave with or without pay during the 1.5 years as this illegal relationship continued. Defendants breach of duty was negligent and in reckless disregard of the rights and safety of the plaintiff. The general rule of r*espondeat superior* , or master-servant liability, is that the master is vicariously liable for the torts of, including assault, wantonness, and/or negligence committed by the servant in the line and scope of the latter's employment. Tuscaloosa County School System is vicariously liable for the negligence and/or wantonness or recklessness of its school officials, including but not limited to, the sexual deviant conduct of Defendant Petrey. As a direct and proximate result of the actions of the defendants, individually, jointly and/or severally, the plaintiff has suffered damages, including, but not limited to, physical injury, pain and suffering, emotional anguish and mental distress.

22. Plaintiff avers that the Defendants had a duty to report any suspected child abuse to the authorities under the mandatory reporting statute, Code of Alabama 26-14-3, and negligently and wantonly failed to do so. As a direct and proximate result of the defendants failure to report, individually, jointly and/or severally, the plaintiff has suffered damages, including, but not limited to, physical injury, pain and

suffering, emotional anguish and mental distress.

23. Plaintiff also avers that, as a teacher of Brookwood High School, Defendant Petrey had a duty to students, including, but not limited to, the plaintiff, to protect them and to abide by Alabama Code Section 13A-6-81; faculty code of conduct, and employee handbook(s).

24. Plaintiff avers that Defendant Petrey breached this duty through the various acts described herein.

25. Plaintiff avers that Defendant Petrey failed to act reasonably to avoid conduct harmful, injurious and detrimental to the Plaintiff, including, but not limited to, her physical, mental and emotional health and well-being.

26. Plaintiff avers that Defendant Petrey knew or should have known that his conduct was likely to cause injury and harm to the Plaintiff.

27. Plaintiff avers that notwithstanding said knowledge, Defendant Petrey failed to avoid injury and harm to the Plaintiff.

28. Plaintiff avers that as a direct and proximate result of the negligence of Defendant Petrey, the Plaintiff was caused to suffer the injuries and damages described herein.

**WHEREFORE, PREMISES CONSIDERED**, the plaintiff demands judgment against the defendants, separately and severally, or in the alternative, jointly,

and seek damages, compensatory and punitive in an amount that the trier of fact may assess, plus interest and litigation costs and expenses.

**COUNT II**

***INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS***

Plaintiff adopts by reference, and incorporates in this cause of action, the allegations of paragraph one (1) through twenty-eight (28) of this complaint, as if the same were fully set forth herein and further say as follows:

29. Plaintiff avers that the actions of the defendants as complained of herein was so extreme and outrageous, so as to intentionally and/or recklessly cause severe emotional distress to the plaintiff. Plaintiff further alleges that defendants' actions was so outrageous in character and so extreme in degree as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized society.

**WHEREFORE, PREMISES CONSIDERED**, plaintiffs demand judgment against the defendants separately and severally or jointly in an amount that the trier of fact may assess, plus interest and litigation costs and expenses.

**COUNT III**

***TITLE IX***

Plaintiff incorporates all the allegations contained in paragraphs one (1) through twenty-nine (29) of this amended complaint, and will further show unto this Honorable Court to-wit:

30. Plaintiff avers that the actions of the defendants as complained of herein, subjected the plaintiff to a deprivation of civil rights protection afforded her by the laws of the United States of America, namely Title IX of the Education Amendments of 1972, which prohibits discrimination on the basis of sex, including, but not limited to sexual abuse and harassment against women in schools receiving federal funds. More specifically, the actions of the defendants Tuscaloosa County School System, its school board officials and administrators as named herein created an atmosphere that subjected Plaintiff to sexual abuse and harassment by Defendant Petrey, proximately causing her to be denied access to an education free of discrimination based on sex.

31. Plaintiff avers that Tuscaloosa County School System, through its administrators and the individual officials named herein had a legal and affirmative duty to act on the complaints and warnings of dance teachers, Alyce Armstrong and Laurel Gilchrist in order to protect Plaintiff from further gender-based violations of her person, sexual abuse and harassment, pursuant to Title IX. Tuscaloosa County School System and its officials and administrators as named herein failed to thoroughly investigate the dance teachers' complaint, rather they condoned the

violations against her by the continued employment of Petrey and no attempt was made to separate the child victim from the sex predator teacher.

32. The plaintiff avers that Tuscaloosa County School System and its officials and administrators as named herein, cultivated a culture of fraternization as evidenced by the conduct of Petrey relative to the plaintiff and other female students, including, but not limited to, the plaintiff, as complained of herein, in violation of Title IX.

**WHEREFORE, PREMISES CONSIDERED**, the plaintiff demands judgment against the defendants, separately and severally or jointly, and seek damages, plus interest and litigation costs and expenses.

## COUNT IV

## VIOLATION OF THE ESTABLISHMENT CLAUSE

Plaintiff incorporates all the allegations contained in paragraphs one (1) through thirty-two (32) of this complaint, and will further show unto this Honorable Court to-wit:

33. Plaintiff avers that the actions of the Defendant Petrey as complained of herein, subjected the plaintiff to a deprivation of civil rights protection afforded her by the laws of the United States of America, namely the Establishment Clause and the First Amendment of U.S. Constitution, which prohibits a teacher from imposing on

and teaching his religious beliefs to a student in a public school of the State of Alabama. This long, established rule was repeatedly violated by Defendant Petrey in his interactions with the Plaintiff and as stated above. Petrey actually used God and Christianity to lure a student into a sexual relationship with him. His Christianity teachings, bible study and school prayer life manipulated Plaintiff's trust and faithfulness to him so that she would not betray him or prosecute him. This is exactly the reason why religion and state school do not mix and have been separated by law. Religion in the hands of a sexual predator who is allowed to teach impressionable children at school is dangerously detrimental and should not be allowed.

34. Plaintiff avers that the Defendant Tuscaloosa County School System, it's officials and administrators allowed Petrey to openly teach and preach Christianity to his classes, to wear Christian T-shirts to school, pray in class and hold bible study in his class; all of these activities occurring at a State publicly held school violated her constitutional right to a separation of church and state. These Defendants allowed a culture for Petrey's religious beliefs which Petrey used to lure a student into a sexual relationship with him.

**WHEREFORE, PREMISES CONSIDERED**, the plaintiff demands judgment against the defendants, separately and severally or jointly, and seek damages, plus interest and litigation costs and expenses.

Respectfully submitted,

*/s/ Kimberlyn Malone*__________

**Kimberlyn Malone, Esq.**
**Attorney for the Plaintiff**
**Attorney Bar Code: ASB-2923-M60K**
**Post Office Box 505**
**Helena, Alabama 35080**
**Telephone: (251) 282-7577**
**Telecopier: (888) 470-3555**
**Email: malokim@gmail.com**

**PLAINTIFF DEMANDS TRIAL BY JURY.**

*/s/ Kimberlyn Malone*__________
**Kimberlyn Malone, Esq.**