FILED
2018 Jun-05  AM 11:33
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | |  |
|---|---|---|
| ABIGAIL WEISSENBACH, | ) | |
| Plaintiff, | ) | |
| vs. | ) | 7:17-cv-01642-LSC |
| TUSCALOOSA COUNTY SCHOOL SYSTEM, et al., | ) | |
| Defendants. | ) | |

### Memorandum of Opinion and Order

Before this Court is Plaintiff Abigail Weissenbach ("Weissenbach")'s Motion to Amend Complaint (doc. 18) as well as Defendants' Motions to Dismiss (docs. 10, 13, & 23). Defendants argue this case should be dismissed because Weissenbach's original Complaint incorrectly captioned this action as *Plaintiff Weissenbach v. Tuscaloosa County School System, et al.*, rather than using Weissenbach's full name. Defendants also argue there exist other defects in the allegations of Weissenbach's Complaint that subject it to dismissal under Federal Rule of Civil Procedure 12(b)(6). Weissenbach in response asks for leave to amend her Complaint to correct its captioning as well as its substantive allegations. Having the benefit of the parties' full briefing of these issues, the Court holds that

Weissenbach's Motion to Amend is due to be GRANTED. Defendants' Motions to Dismiss are due to be DENIED.

## I. Background[1]

Weissenbach was a student at Brookwood High School in Tuscaloosa, County, Alabama. Weissenbach was born in 1996, and in the school years of 2013-15 she had a sexual relationship with a teacher at Brookwood High School Defendant Joe Bradley Petrey, Jr. ("Petrey"). Defendant Petrey was a teacher for Weissenbach in her ninth and eleventh grades for various subjects.

Weissenbach also took dance classes at McCalla Dance Academy. During her classes, Weissenbach spoke about her friend, Defendant Petrey, as if he was her boyfriend. When dance teachers learned that Defendant Petrey was actually Weissenbach's teacher, they notified school administrators of the relationship. Specifically, during a phone conference between the dance teachers and Defendants, Principal Laura McBride, Vice Principal Marcy Burroughs and Vice Principal Thad Fitzpatrick, the administrators implied they were upset about the existence of a student-teacher relationship and that they would ensure that it would not continue. At a later point, Defendant Burroughs told Weissenbach's dance

---

[1] In evaluating a motion to dismiss, this Court "accept[s] the allegations in the complaint as true and construe[s] them in the light most favorable to the plaintiff." *Lanfear v. Home Depot, Inc.*, 679 F.3d 1267, 1275 (11th Cir. 2012).

teachers that the administrators had informed the Tuscaloosa County School System Board. However, the following year the dance teachers continued to hear from other students that Weissenbach and Defendant Petrey continued to eat breakfast and lunch together at the school. In July 2015, illicit photos of Weissenbach and Petrey were posted to the school Facebook page and Twitter, and a link to a cloud-based photo-sharing account with other photographs of Weissenbach and Petrey was also made widely available.

The remaining defendants who have not been discussed in the preceding facts appear from Weissenbach's Complaint to be members of the Tuscaloosa County School System Board. Specifically, Weissenbach alleges that Defendants Bill Copeland, Randy Smalley, Charles Orr, Don Presley, Gray Mims, James Barnett, and Schmitt Moore were Board members at the time the relationship between Weissenbach and Petrey occurred. Defendant Elizabeth Swinford was the Superintendent of the Tuscaloosa County School System.

Weissenbach commenced her suit on September 23, 2017 in this Court. Rather than listing Weissenbach's full legal name in the Caption or body of the Complaint, Weissenbach only referred to herself using the name "Plaintiff Weissenbach" or simply "Plaintiff." Defendants Burroughs and Fitzpatrick filed a motion to dismiss on December 10, 2017, arguing *inter alia* that Weissenbach's

Complaint should be dismissed because she did not use her full name. These Defendants also revealed that "Plaintiff Weissenbach" was actually Abigail Weissenbach, both in the body of their Motion to Dismiss as well as an Exhibit thereto. Defendants Tuscaloosa County School System, Schmitt Moore, James Barnett, Gary Mims, Don Presley, Charles Orr, Randy Smalley, and Bill Copeland likewise filed a separate Motion to Dismiss, which again raised as grounds for dismissal Weissenbach's failure to include her actual name in the caption of her Complaint. Like the previous Motion to Dismiss, these Defendants' Motion to Dismiss also revealed Weissenbach's full legal name.

Weissenbach in turn motioned the Court for leave to file an Amended Complaint which corrected the caption of her Complaint to read "Abigail Weissenbach" and also sought to address issues Defendants had raised with the allegations in Weissenbach's Complaint. She clarified in her Motion to Amend that the failure to include her full name in the caption of the Complaint was unintentional, and she did not intend to proceed anonymously. Defendant Petrey then later filed his Motion to Dismiss, where, like the other Defendants, he raised Weissenbach's failure to include her full legal name as a ground for dismissal of this action.

## II. STANDARD OF REVIEW

The Court must "inquire into whether it has subject matter jurisdiction at the earliest possible stage in the proceedings." *Univ. of S. Alabama v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999). "[I]t is well settled that a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking." *Id.* The party invoking federal jurisdiction bears the burden of proving its existence. *DiMaio v. Democratic Nat. Comm.*, 520 F.3d 1299, 1301 (11th Cir. 2008).

### III. DISCUSSION

Generally, parties to a lawsuit must identify themselves in their respective pleadings. *Doe v. Frank*, 951 F.2d 320, 322 (11th Cir. 1992). Federal Rule of Civil Procedure 10(a) requires "[t]he title of the complaint [to] name all the parties . . . ."; anonymous pleading is the exception to Rule 10(a). "This rule serves more than administrative convenience. It protects the public's legitimate interest in knowing all of the facts involved, including the identities of the parties." *Frank*, 951 F.2d at 322 (citations omitted). Ultimately, a plaintiff may proceed anonymously where "the plaintiff has a substantial privacy right which outweighs the 'customary and constitutionally-embedded presumption of openness in judicial proceedings.'" *Id.* at 323 (quoting *Doe v. Stegall*, 653 F.2d 180, 186 (5th Cir. Unit A Aug. 1981)).

Defendants cite to certain non-binding authority for the proposition that because Weissenbach has not been properly identified pursuant to Rule 10(a), no

action has been commenced and thus this Court is without subject-matter jurisdiction. After review of Circuit precedent and non-binding authority, the Court finds that Defendants' technicality-based arguments are meritless.

Defendants first rely on *Estate of Rodriquez v. Drummond Co.*, 256 F. Supp. 2d 1250 (N.D. Ala. 2003) for the proposition that a plaintiff's failure to be first granted leave to proceed anonymously was a jurisdictional defect that required a court to dismiss those anonymous plaintiffs. In *Rodriquez*, the plaintiffs filed an amended complaint where some parties used pseudonyms. In response the defendants filed a motion to dismiss, and only then did plaintiffs asked for leave to proceed anonymously. *Rodriquez* held that it did not have jurisdiction over the anonymous plaintiffs because they used pseudonyms without first obtaining the permission of the court. *Id.* at 1255–56. Furthermore, the court held that the procedural defect could not be cured by an order granting permission to proceed anonymously *nunc pro tunc*; the defect was jurisdictional and could not be cured after the fact. *Id.* Therefore, *Rodriquez* granted the defendants' motion to dismiss as to all unnamed defendants without prejudice, although it noted the possibility that it would consider the plaintiffs' motion for leave to proceed anonymously in advance of filing a second amended complaint. *Id.* at 1256. Indeed, subsequent to its holding, the court in *Rodriquez* then granted the plaintiffs' motion to proceed

anonymously and granted their motion to file a second amended complaint. *See* Order, *Estate of Rodriquez v. Drummond Co.*, 7:02-cv-00665-KOB (N.D. Ala. Oct. 22, 2003).

*Rodriquez* based its jurisdictional characterization of the use of fictitious-party pleading without leave to proceed on *W.N.J. v. Yocom*, 257 F.3d 1171 (10th Cir. 2001). In *Yocom*, the plaintiffs were unmarried heterosexual adults who sought to challenge a Utah law against fornication and sodomy. The plaintiffs used pseudonyms in the district court proceedings without obtaining leave from the district court, which eventually dismissed the action because the plaintiffs lacked standing and had unripe claims. *Id.* at 1172. On appeal, the Tenth Circuit raised the issue of the plaintiffs' use of pseudonyms. The plaintiffs attempted to remedy the problem by obtaining an order from the original magistrate judge granting permission to proceed anonymously and dated *nunc pro tunc* to the filing of the district court action. *Id.* Significantly, the magistrate judge order did not come until after the case was on appeal to the Tenth Circuit. *Yocom* held that the magistrate judge order did not cure the jurisdictional defect, because the district court was already deprived of jurisdiction once the issue reached the appellate court. *Id.* 1172-73.

Defendants' reading of these cases would have the Court dismiss this action in its entirety, despite Weissenbach's pending Motion to Amend which would cure the Rule 10(a) issue Defendants have raised. Defendants do not adequately explain why Weissenbach cannot correct this defect by amendment. *Yocom* certainly did not address amendment of a complaint, and involved an appeal, where any district court order resolving the anonymity issue would be entered without jurisdiction. Here, the proceedings are new, and the Court still exercises jurisdiction.

There is support in binding Eleventh Circuit law for the proposition that a motion to proceed anonymously (or motion to amend) need not be filed contemporaneously with the complaint in order to vest the district court with jurisdiction, as long as the parties correct the initial deficiency by receiving leave to proceed anonymously or amend their complaint. In *Roe v. Aware Woman Ctr. For Choice, Inc.*, 253 F.3d 678 (11th Cir. 2001), the plaintiff filed a suit under a fictitious name, the defendants filed a motion to dismiss for failure to state a claim, and only then did the plaintiff file a motion to proceed anonymously. *Id.* at 680. The district court reached the merits of both motions, granting the motion to dismiss and denying the motion to proceed anonymously. The Court of Appeals reversed the denial of the motion to proceed anonymously. As correctly summarized by *Doe v. Barrow Cty.*:

> Although nobody raised the question of whether the late filing of the motion to proceed anonymously denied the courts of jurisdiction, the Eleventh Circuit would have been under a duty to consider the issue *sua sponte* if jurisdiction was lacking. Although the court is usually hesitant to rely on cases for an issue that was not directly discussed, the *Aware Woman Ctr.* opinion appears to give guidance for when a motion to proceed anonymously can be considered, especially given the dearth of appellate decisions on point.

219 F.R.D. 189, 192 (N.D. Ga. 2003) (citing *Aware Woman Ctr.*, 253 F.3d at 684-87); *see also Frank*, 951 F.2d at 322-24 (court of appeals considered on the merits the district court's decision to deny a motion to proceed anonymously that was filed in response to a motion to dismiss for failure to comply with Rule 10(a)); *Barrow Cty.*, 219 F.R.D. at 192 (expressly determining that court had the jurisdiction to grant motion to proceed anonymously filed after Complaint). Thus, the Eleventh Circuit—while not squarely addressing whether a failure to comply with Rule 10(a) is jurisdictional—has gone on to determine in two separate actions the merits of motions to proceed anonymously filed after the initial anonymous complaint. These decisions tend to show that it is not improper for the Court to consider Weissenbach's current motion to amend, where that motion would cure any Rule 10(a) defects in the caption of the Complaint.

Weissenbach can simply amend her Complaint to correct the caption to indicate her full legal name.[2] The Supreme Court has held that "when a plaintiff files a complaint in federal court and then voluntarily amends the complaint, courts look to the amended complaint to determine jurisdiction." *Rockwell Int'l Corp. v. United States*, 549 U.S. 457, 473-74 (2007). Absent indication from Congress, there appears to be no reason why Weissenbach cannot amend her Complaint to correct this issue. The non-binding Tenth Circuit authority relied upon by Defendants does not prohibit such a reasonable fix, and even if it did the limited Eleventh Circuit precedent addressing the present situation tends to show that Weissenbach should be allowed to amend her Complaint. The Court sees no operative difference between *Rodriquez*'s method and simply granting Weissenbach's currently pending Motion to Amend, which will cure any jurisdictional issue.

While not addressed by any of the parties in their respective briefing, Federal Rule of Civil Procedure 17(a) is directly implicated in Weissenbach's Motion to Amend. Rule 17(a)(1) requires that "[a]n action must be prosecuted in the name of the real party in interest." When the real party in interest is not properly named, "Rule 17(a)(3) requires the court to provide an opportunity to substitute in the correct party before the court dismisses the case, provided that the substitution is

---

[2] To the extent Defendants request that the court disallow Weissenbach from amending her Complaint to correct any Rule 12(b)(6) issues, Defendants' requests are denied.

made within a reasonable time after objection." *In re Engle Cases*, 767 F.3d 1082, 1109 (11th Cir. 2014). The Advisory Committee's comments make clear, though, that while the rule was added "in the interests of justice," "[t]he provision should not be misunderstood or distorted. It is intended to prevent forfeiture when determination of the proper party to sue is difficult or when an understandable mistake has been made." *Id.* (quoting Fed. R. Civ. P. 17, Advisory Comm. Notes, 1966 Amend.). Thus, Rule 17(a) provides further support to the Court to allow Weissenbach to amend her Complaint in the interests of justice.

This case is different from cases where the plaintiffs sought to proceed completely anonymously. Unlike the plaintiffs in *Rodriquez* or *Yocom*, Weissenbach used her last name in the caption of the Complaint, and simply failed to include her first name. Defendants are clearly aware of Weissenbach's identity—as they disclosed her full name multiple times in their briefs[3]—and made allegations that Weissenbach "disclos[ed] her identity to various news media outlets with whom she spoke at or around the time that she filed her Complaint." (Doc. 10 at 5 n.2.)

### IV.  CONCLUSIONS

---

[3] As made clear their Motions to Dismiss (docs. 10, 13, & 23), Defendants have taken the litigation position that Weissenbach has sought to remain anonymous through the use of a fictitious name. Defendants at the same time disclosed Weissenbach's full name in their filings. Had Weissenbach actually been seeking to protect her identity through the use of a fictitious name, Defendants' intentional disclosure of her identity without prior Court approval would itself be questionable conduct considering the sensitivity of the allegations included in her Complaint.

For the reasons stated above, Weissenbach's Motion to Amend is hereby GRANTED and Weissenbach is directed to file her Amended Complaint within five (5) days of the entry of this Memorandum of Opinion and Order. Defendants' Motions to Dismiss (docs. 10, 13, & 23) are DENIED.

**DONE** AND **ORDERED** ON JUNE 5, 2018.

L. SCOTT COOGLER
UNITED STATES DISTRICT JUDGE

190485