# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## WESTERN DIVISION

| | | |
|---|---|---|
| **ABIGAIL WEISSENBACH,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| Vs. | ) | **CASE NO. 17-cv-01642-LSC** |
| | ) | |
| **TUSCALOOSA COUNTY SCHOOL SYSTEM; JOE BRADLEY PETREY, JR.: SCHMITT MOORE; JAMES BARNETT; GARY MIMS; DON PRESLEY; CHARLES ORR; RANDY SMALLEY; BILL COPELAND; LAURA MCBRIDE; MARCY BURROUGHS; THAD FITZPATRICK;ELIZABETH SWINFORD,** | ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

### MOTION TO DISMISS AMENDED COMPLAINT OF DEFENDANTS TUSCAOOSA COUNTY SCHOOL SYSTEM, SCHMITT MOORE, JAMES BARNETT, GARY MIMS, DON PRESLEY, CHARLES ORR, RANDY SMALLEY AND BILL COPELAND

COME NOW The Tuscaloosa County School System, Schmitt Moore, James Barnett, Gary Mims, Don Presley, Charles Orr, Randy Smalley and Bill Copeland, Defendants in the above styled cause, and move this Honorable Court for an Order dismissing the claims made against them pursuant to **Rule 12(b)(1)(2), and (6),** *Federal Rules of Civil Procedure*, and as cause state:

## I. SUMMARY OF APPLICABLE FACTS[1]

Plaintiff in this cause, Abigale Weissenbach (hereinafter "Plaintiff") is an adult resident of Brookwood, Alabama. [Amended Complaint, ¶ 1]  Plaintiff attended Brookwood High School in the Tuscaloosa County School System [Amended Complaint, ¶ 1]  Plaintiff alleges that, during the time that she was a student at Brookwood High School, she was raped by and subjected to a sexual relationship with one of her teachers, Defendant Joe Bradley Petrey, Jr. [Amended Complaint, ¶ 1]

Plaintiff alleges that Defendants Moore, Barnett, Mims, Presley, Orr, Smalley and Copeland were all board members of the Tuscaloosa County School System at all times material to her Complaint. [Amended Complaint, ¶ 5 – 11][2] Plaintiff further avers that Defendant Tuscaloosa County School System, more properly known as the Tuscaloosa County Board of Education (hereinafter "the Board") is the governing body for the Tuscaloosa County School System. [Amended Complaint, ¶ 2].  Plaintiff additionally alleges that all actions taken by Defendants Moore, Barnett, Mims, Presley, Orr, Smalley and Copeland were taken by these Defendants within the line and scope of their representative capacities. [Amended Complaint, ¶ 5 – 11]

---

[1] The applicable facts set forth in this motion come from the Amended Complaint.  While these Defendants do not admit the factual allegations contained in the Amended Complaint, those allegations will be considered true for the purpose of this motion.

[2] Defendants Moore, Barnett, Mims, Presley and Copeland were, in fact members of the Tuscaloosa County Board of Education during the time that Plaintiff attended Brookwood High School.  However, Defendants Orr and Smalley did not become members of the Board until after Plaintiff graduated from high school.

## II. CLAIMS IN THE AMENDED COMPLAINT

Plaintiff asserts four claims in this case. Count I of the Amended Complaint asserts a claim of state law negligence and wantonness against all Defendants arising out of the hiring and supervision of Defendant Petrey. [Amended Complaint, ¶ 28-40] Count II is a state law claim against all Defendants for intentional infliction of emotional distress. [Amended Complaint, ¶ 41]. In Count III, Plaintiff avers that all Defendants violated Title IX of the Education Amendments of 1972. [Amended Complaint, ¶ 42-45] Plaintiff's final claim, in Count IV, is a Fourteenth Amendment Equal Rights Clause claim against all Defendants based upon Plaintiff's allegation that she was sexually harassed and discriminated against based on her gender[3]. [Amended Complaint, ¶ 46-51]. In her prayers for relief, Plaintiff is seeking declaratory and injunctive relief, monetary damages (both compensatory and punitive), interest, litigation costs and expenses

## III. GROUNDS FOR DISMISSAL

### A. State Law Claims

**1. Claims Against the Board are Barred by Immunity**

In Counts I and II of her Amended Complaint, Plaintiff attempts to set forth claims of Negligence and Wantonness (Count I) and Intentional Infliction of

---

[3] In her original Complaint, Count IV was a claim for a violation of the Establishment Clause of the First Amendment to the United States Constitution. Because Plaintiff has completely replaced her original Count IV with her new Count IV, these Defendants will assume that she has abandoned her Establishment Clause claim.

Emotional Distress (Count II) against the Board.  These are state law tort claims and are barred by immunity.

**Art. I, §14, Alabama Constitution of 1901,** states, "That the State of Alabama shall never be made a defendant in any court of law or equity."  The Board is a local agency of the State and is, therefore, entitled to partake in the State's sovereign immunity.  See, e.g., *Ex Parte Hale County Board of Education*, 14 So. 3d 844 (Ala. 2009), *Louviere v. Mobile County Board of Education*, 670 So. 2d 873 (Ala. 1995), *Bathgate v. Mobile County Board of School Commissioners*, 689 So. 2d 109 (Ala. Civ. App. 1996).  The prohibition of actions against state agencies applies to both suits in law and in equity. *Alabama Department of Transportation v. Harbert Int'l, Inc.,* 990 So. 2d 831, 839 (Ala. 2008).  Furthermore, an action against the State of Alabama or one of its agencies presents a question of subject matter jurisdiction which cannot be waived or conferred by consent.  *Board of School Commissioners of Mobile County v. Weaver*, 99 So. 3d 1210, 1217 (Ala. 2012).

The Board acknowledges that the Supreme Court of Alabama has set forth certain exceptions to sovereign immunity.  Those actions are:  (1) actions brought against a state official to compel him or her to perform his or her legal duties; (2) actions brought against state officials to enjoin them from enforcing an unconstitutional law; (3) actions to compel state officials to perform ministerial acts;

(4) actions brought under the Declaratory Judgments Act seeking construction of a statute and its application in a given situation; (5) valid inverse condemnation actions brought against state officials in their official capacities; and (6) actions for injunctions brought against state officials in their official capacity when it was alleged that they acted fraudulently, in bad faith, beyond their authority or in a mistaken interpretation of law. ***Ex Parte Moulton,*** 116 So. 3d 1119, 1131 and 1141 (Ala. 2013). These exceptions, however, do not apply to claims against the state agency itself but only to state officials sued in their official capacity. ***Board of School Commissioners of Mobile County v. Weaver***, 99 So. 3d 1210, 1217 (Ala. 2012). Simply stated, there is no exception to sovereign immunity where claims are made against a state agency itself.

In Count I and Count II of her Amended Complaint, Plaintiff is attempting to make state common law tort claims against the Board. As the Supreme Court of Alabama has made clear, claims of this type are barred by immunity. Accordingly, Plaintiff's claims in Count I and Count II against the Board are due to be dismissed.

    **2.**    **Claims Against Defendants Moore, Barnett, Mims, Presley, Orr, Smalley and Copeland are Barred by Immunity**

In addition to making claims of negligence and wantonness and for intentional infliction of emotional distress against the Board in Counts I and II, Plaintiff has attempted to set forth the same claims against Defendants Moore, Barnett, Mims,

Presley, Orr, Smalley and Copeland.  As with Plaintiff's claims against the Board, these claims are barred by immunity.

Plaintiff's state law tort claims against these Defendants are made against them in both their official and individual capacities.  The Alabama Supreme Court has held that **Art. I, §14, Alabama Constitution of 1901,** applies to board members and employees and they are immune from suit against them in their official capacities.  ***Ex Parte Montgomery County Bd. Of Ed.***, 88 So.3d 837, 842 (Ala. 2012).  See, also, ***Ex Parte Dangerfield***, 49 So.3d 675, 681 (Ala. 2010), ***Burgoon v. Alabama State Dep't of Human Res.***, 835 So.2d 131, 132-33 (Ala. 2002).  Accordingly, Plaintiff's tort claims against these Defendants in their official capacities are due to be dismissed.

Plaintiff's claims against these Defendants in their individual capacities are barred by immunity as well.  Plaintiff's tort claims against these Defendants are based on her allegation that these Defendants negligently hired Defendant Petrey and that they failed to properly supervise her and Defendant Petrey and this lack of supervision allowed Defendant Petrey to engage in improper conduct with her.  The Alabama Supreme Court has clearly stated that the supervision of personnel and the supervision of students are activities that are protected by immunity.  See, ***Ex Parte Cranman***, 792 So.2d 392 (Ala. 2000), wherein the Court held:

"A State agent *shall* be immune from civil liability in his or her personal capacity when the conduct made the basis of the claim against the agent is based upon the agent's

(1) formulating plans, policies, or designs; or

(2) exercising his or her judgment in the administration of a department or agency of government, including, but not limited to, examples such as:

(a) making administrative adjudications;

(b) allocating resources;

(c) negotiating contracts;

(d) *hiring*, firing, transferring, assigning, *or supervising personnel*; or

(3) discharging duties imposed on a department or agency by statute, rule, or regulation, insofar as the statute, rule, or regulation prescribes the manner for performing the duties and the State agent performs the duties in that manner; or

(4) exercising judgment in the enforcement of the criminal laws of the State, including, but not limited to, law-enforcement officers' arresting or attempting to arrest persons; or

(5) *exercising judgment* in the discharge of duties imposed by statute, rule, or regulation in releasing prisoners, counseling or releasing persons of unsound mind, or *educating students*."

792 So. 2d. at 405. [Emphasis added.] See, also, ***Ex Parte Butts***, 775 So.2d 173 (Ala. 2000); ***Ex Parte McClintock***, ___ So.3d ___ [2017 WL 5951670] (Dec. 1, 2017) (Ala. 2017); ***Ex Parte Trimble***, 201 So. 3d 1124 (Ala. 2016). As these cases make clear, claims such as Plaintiff's are barred by immunity and are due to be dismissed.

### B. Federal Law Claims

### 1. Title IX

In Count III of her Amended Complaint, Plaintiff has attempted to state a claim against all Defendants for a violation of Title IX of the Education Amendments of 1972. Defendants Moore, Barnett, Mims, Presley, Orr, Smalley and Copeland submit that this claim is due to be dismissed as to them in both their individual and official capacities.

**a.   Claims Against Individual Defendants In Their Individual Capacities**

The Eleventh Circuit has repeatedly held that individual school officials cannot be held liable under Title IX. ***Hartley v. Parnell***, 193 F.3d 1263, 1270 (11th Cir. 1999). See, also ***Floyd v. Waiters***, 133 F.3d 786 (11th Cir. 1998), in which the Eleventh Circuit held that a Title IX claim can only be brought against a recipient of federal funds such as a school district and not against an individual. 133 F.3d at 789. In the case at bar, there is no allegation that any of the Board members is a recipient of federal funds. Accordingly, Title IX does not provide a cause of action against them.

**b.   Claims Against Individual Defendants In Their Official Capacities**

Plaintiff has sued the Board members under Title IX in their official capacities as members of the Tuscaloosa County Board of Education. In addition, Plaintiff has sued the Board as an entity for an alleged violation of Title IX. Federal Courts have

consistently ruled that official capacity claims against individuals that are merely duplicative of claims made against a governmental entity are due to be dismissed as redundant.  See, e.g., ***M. R. v. Board of School Commr's of Mobile County***, 2012 WL 2931263 (S.D. Ala. 2012), citing ***Busby v. City of Orlando***, 931 F.2d 764 (11th Cir. 1991); ***Will v. Michigan Dep't of State Police***, 491 U.S. 58, 109 S. Ct. 2304, 105 L.Ed.2d 45 (1989).  Plaintiff's claim against the Board members in their official capacities is clearly duplicative of her claim against the Board.  Plaintiff has alleged no actions by the Board members that are different than her allegations against the Board.  Accordingly, those claims are due to be dismissed as duplicative of the claims against the Board.

### 2. Fourteenth Amendment

In Count IV of her Amended Complaint, Plaintiff has attempted to set forth claims against the Board and the Board Members in both their individual and official capacities for a violation of her Equal Protection rights as guaranteed by the Fourteenth Amendment.

#### a. Claim Against the Board

Plaintiff has attempted to set forth a claim against the Tuscaloosa County Board of Education for an alleged deprivation of her right to equal protection.  Plaintiff's claim is based on her allegations that she was subjected to unwanted sexual advances by Defendant Petrey, an employee of the Board.  In other words,

Plaintiff is attempting to state a claim against the Board based on respondeat superior.  In *Hurt v. Shelby County Board of Educ*, 198 F.Supp.3d 1293 (N. D. Ala. 2016), Judge Hopkins discussed such a claim and noted, "'[A] municipality may not be held liable under section 1983 solely because it employs a tortfeasor,' *Bd. Of Cty. Comm'rs of Bryan Cty. v. Brown*, 520 U.S. 397, 403, 117 S.Ct. 1382, 137 L.Ed.2d 626 (1997), so it cannot be held liable under a theory of respondeat superior. *Ashcroft v. Iqbal*, 556 U.S. 662, 676, 127 S.Ct. 1937, 173 L.Ed.2d 868 (2009)."  198 F.Supp.3d at 1318.  To impose liability on the Board, Plaintiff must allege and prove much more.

> "[T]o impose liability on a municipality (or school board), a plaintiff must identify a 'policy' or 'custom' that caused the plaintiff's injury. *Monell v. Dept. of Social Serv. Of the City of New York*, 436 U.S. 658, 694, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978).  The policy or custom must evince the 'requisite degree of culpability.' *Davis v. DeKalb Cty. Sch. Dist.*, 233 F.3d 1367, 1375 (11th Cir. 2000). 'A policy is a decision that is officially adopted by the municipality, or created by an official of such rank that he or she could be said to be acting on behalf of the municipality … . A custom is a practice that is so settled and permanent that it takes on the force of law.' *Cooper v. Dillon*, 403 F.3d 1208, 1211 (11th Cir. 2005). 'Whether a particular official has final policymaking authority is a question of state law.' *McMillian v. Monroe Cty.*, 520 U.S. 781, 786, 117 S.Ct. 1734, 138 L.Ed.2d 1 (1997)."

198 F. Supp.3d at 1318-19.

In the case at bar, Plaintiff has not alleged the existence of an official policy or custom of the Board that led to her alleged injuries.  Instead, she has alleged that she and Defendant Petrey voluntarily participated in an illicit affair that occurred for

10

the most part away from the school. Other than a general statement that, "the actions of the defendants Tuscaloosa County School System, its school board official and administrators as named herein created an atmosphere that subjected Plaintiff to sexual abuse and harassment by Defendant Petrey" (Amended Complaint, ¶43) and "that Tuscaloosa County School System and its officials and administrators as named herein, cultivated a culture of fraternization as evidenced by the conduct of Petrey relative to the plaintiff … ." (Amended Complaint, ¶45). Plaintiff's Amended Complaint is completely devoid of any reference to any official policy or custom that led to her injuries. Likewise, Plaintiff has not identified any individual in her Amended Complaint that she claims had final policymaking authority who took any action that led to her injuries.

Plaintiff's Equal Protection claim against the Board is strictly a claim based on respondeat superior. Such a claim is specifically not allowed and is due to be dismissed.

### b. Claims Against Individual Defendants In Their Official Capacities

As with her Title IX claim, Plaintiff has attempted to make a claim against the Board members in their individual capacities for an alleged violation of her Equal Protection rights. As with Plaintiff's Title IX claims against the Board members in their official capacities, this claim is redundant of her claims against the Board. As stated earlier, claims against the Board members in their official capacities that are

redundant of claims against the Board are due to be dismissed. ***Hurt v. Shelby County Board of Educ***, 198 F.Supp.3d 1293, 1313 (N. D. Ala. 2016), citing ***Cook v. Randolph Cty.***, 573 F.3d 1143, 1149 (11th Cir. 2009). Accordingly, Plaintiff's Equal Protection claim against the Board members in their official capacity are due to be dismissed.

### c. Claims Against Individual Defendants In Their Individual Capacities

Plaintiff alleges in her Amended Complaint that the Board members in their individual capacities violated her right to Equal Protection. However, Plaintiff does not explain how she claims that the Board members acted in their individual capacities to deprive her of Equal Protection. Plaintiff has not alleged that the Board members were presented with an opportunity to act in their individual capacities to prevent the alleged abuse. Furthermore, Plaintiff has not alleged that the Board members, in their individual capacities, had the ability or authority to prevent the alleged abuse.

It is axiomatic that, in order to proceed with a claim against the Board members in their individual capacities, Plaintiff must allege that the Board members acted within their individual capacities and not in their official capacities. Plaintiff has not done so. To the contrary, Plaintiff alleged in her Amended Complaint that, "All actions complained of herein by the plaintiff against [each Board member] occurred within the line and scope of his employment and representative capacity

with the Tuscaloosa County School System in Tuscaloosa, Alabama." (Amended Complaint, ¶¶5, 6, 7, 8, 9, 10, 11)  As Plaintiff's Amended Complaint makes clear, she is not alleging that any of the Board members took any action or declined to take any action except in his or her official capacity.  As such, Plaintiff's Amended Complaint fails to state a claim against the Board members in their individual capacities upon which relief can be granted. ***Rule 12(b), F.R.C.P.***  Accordingly, Plaintiff's claims against the Board members in their individual capacities are due to be dismissed.

## IV.     Grounds Raised by Other Defendants

These Defendants are cognizant that Defendants Marcy Burroughs and Thad Fitzpatrick have filed or will file a separate Motion to Dismiss.  These Defendants adopt the grounds set forth in the Motion to Dismiss filed by Defendants Burroughs and Fitzpatrick as additional grounds for dismissal of the claims against these Defendants.

## V.     CONCLUSION

In the case at bar, Plaintiff has filed suit against the Tuscaloosa County Board of Education and the Members of the Board arising out of a relationship with Defendant Petrey.  Now, Plaintiff has decided that the relationship wasn't a good thing and she has filed suit against Defendant Petrey, the Board, the Board members

and various other current and former employees of the Board.  As has been shown, the Amended Complaint filed by Plaintiff is due to be dismissed

Based upon the foregoing, Defendants Tuscaloosa County Board of Education, Schmitt Moore, James Barnett, Gary Mims, Don Presley, Charles Orr, Randy Smalley and Bill Copeland respectfully submit that the claims contained in Plaintiff's Amended Complaint against them are due to be dismissed.

Respectfully Submitted,


/s/ Ray Ward
Ray Ward (ASB-0581-W81R)


/s/ Thomas W. Powe, Jr.
Thomas W. Powe, Jr. (ASB-9017-W51T)
Attorneys for Defendants Tuscaloosa County Board of Education, Schmitt Moore, James Barnett, Gary Mims, Don Presley, Charles Orr, Randy Smalley and Bill Copeland

OF COUNSEL:

RAYMOND E. WARD, L.L.C.
2216 14th Street (35401)
Post Office Box 1248
Tuscaloosa, Alabama 35403
Telephone:  (205) 345-5564
Facsimile:   (205) 345-5582
Emails:  rayward@raywardlaw.com
             kippowe@raywardlaw.com

## **CERTIFICATE OF SERVICE**

 I hereby certify that on June 25, 2018, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF electronic filing system which will send notification of such filing to all Counsel of record.  If any of the following are not registered with the CM/ECF electronic filing system, I certify that a copy will be served by mailing a copy of the same by United States Mail, properly addressed and first class postage prepaid, to-wit:

**Kimberlyn P. Malone, Esq.**
**Attorney for Plaintiff**
**Kimberlyn Malone Attorney at Law, LLC**
**Post Office Box 505**
**Helena, Alabama 35080**

**Roderick T. Cooks**
**Winston, Cooks, LLC**
**505 20th Street North**
**Suite #815**
**Birmingham, Alabama 35203**

**Byron R. Perkins**
**Perkins-Law, LLC**
**Civic Center Medical Forum Building**
**950-22nd Street N., Suite 550**
**Birmingham, Alabama 35203**

**Mark S. Boardman, Esq.**
**Daniel P. Ogle, Esq.**
**Attorneys for Defendants**
**March Burroughs and Thad Fitzpatrick**
**Boardman, Carr, Petelos, Watkins & Ogle, P.C.**
**400 Boardman Drive**
**Chelsea, Alabama 35043-8211**

        /s/ Ray Ward
        Of Counsel